The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| LISA BRANSON and CHERIE BURKE, individually and on behalf of all others similarly situated, | No. 2:24-cv-00589-JHC |
| Plaintiffs, | **FIRST AMENDED CLASS ACTION COMPLAINT FOR DISCRIMINATION** |
| v. | |
| WASHINGTON FINE WINE & SPIRITS, LLC, a Washington limited liability company doing business as TOTAL WINE & MORE; and DOES 1-20, | |
| Defendants. | |

Plaintiffs Lisa Branson and Cherie Burke (together, "Plaintiffs"), on behalf of themselves and all others similarly situated (the "Class"), by and through counsel, bring this Class Action Complaint for Discrimination against Defendant Washington Fine Wine & Spirits, LLC ("Defendant") and allege, upon personal knowledge as to Plaintiffs' own actions and Plaintiffs' counsel's investigations, and upon information and belief as to all other matters, as follows:

## I.    NATURE OF THE EPOA

1.    This is a class action lawsuit to remedy Defendant's ongoing violation of Plaintiffs and the Class members' civil rights.

2.    Effective January 1, 2023, employers with 15 or more employees must disclose, in each posting for each job opening, the wage scale or salary range and a general description of

FIRST AMENDED CLASS ACTION COMPLAINT FOR
DISCRIMINATION - 1

No. 2:24-cv-00589-JHC

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

all of the benefits and other compensation being offered to the hired applicant. *See* RCW 49.58.110(1).

3.      The Washington Legislature finds that "despite existing equal pay laws, there continues to be a gap in wages and advancement opportunities among workers in Washington." RCW 49.58.005(1). The Legislature further finds that "lower starting salaries translate into lower pay, less family income, and more children and families in poverty." RCW 49.58.005(3)(b).

4.      This lawsuit follows important, recent research which revealed pervasive pay disparity in Washington with respect to both women and other protected classes. In particular, the study found that women are paid 78 cents for every dollar paid to men—a decline from 80 cents to the dollar a decade ago. *See* Alison Saldanha, *Seattle's pay gap between women and men just won't stop growing* (Mar. 8, 2024), https://www.seattletimes.com/business/seattle-hits-rock-bottom-in-terms-of-the-pay-gap-between-women-and-men/.

5.      "Some folks do not have the networks or ability to negotiate salaries. Salaries vary wildly in companies within the same industry and applicants do not have the ability to know what the value of the position is." Engrossed Substitute S.B. 5761 House Bill Report, 67th Leg., Reg. Sess. (Wash. 2022). The pay transparency provision of the Washington Equal Pay and Opportunities Act ("EPOA"), RCW 49.58.110, "allows a discussion at the start of the process instead of after an offer has been made, which will increase the ability to negotiate pay." *Id*. Additionally, "[m]any candidates spend hours going through rounds of interviews only to find out they can't live on the offered pay." Engrossed Substitute S.B. 5761 Senate Bill Report, 67th Leg., Reg. Sess. (Wash. 2022). The EPOA makes Washington "more competitive" for job seekers. *Id*.

6.      "[P]ay range disclosures function primarily to correct information asymmetry: they give applicants access to key information that only the employer may know. This information is essential to help job candidates, particularly females and candidates in other protected classes, to achieve equal pay when faced with negotiating a starting salary. Pay range disclosures also stand to help current employees discover if they are being underpaid, either to ask for more or

FIRST AMENDED CLASS ACTION COMPLAINT FOR DISCRIMINATION - 2

No. 2:24-cv-00589-JHC

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

equitable compensation or, if the employee suspects discrimination, to initiate an enforcement action." Stephanie Bornstein, *The Enforcement Value of Disclosure*, 72 Duke L.J. 1771, 1789 (2023).

7.      "[T]he duty to disclose a pay range and to do so publicly goes further, serving other important purposes of a disclosure scheme. It may induce behavior-forcing effects by requiring an employer to identify the pay received by other employees currently in the position and set new employee pay comparably. The goal is that the employer will create pay uniformity based on the position itself rather than the person holding the position." *Id*. at 1790.

8.      "That pay range postings are public creates additional pressure on employers to provide accurate and fair salary ranges that will attract the best job applicants. And setting pay in a range to which an employer has publicly pre-committed may likely limit the role that even unconscious gender and racial biases play in pay setting." *Id*.

9.      On January 1, 2021, the State of Colorado enacted a similar pay transparency law that requires online job postings to include information about the expected salary of the position. "One early study of the Colorado pay range posting law showed that, among firms that complied, posted job salaries increased by 3.6 percent." *Id*. (citing David Arnold, Simon Quach & Bledi Taska, *The Impact of Pay Transparency in Job Postings on the Labor Market 2* (Aug. 17, 2022) (unpublished manuscript), https://perma.cc/KBQ5-L9U2.

10.      This is a class action on behalf of individuals who applied to job openings with the Defendant where the job postings did not include the wage scale or salary range being offered in direct violation of RCW 49.58.110.

11.      Plaintiffs and the Class seek injunctive relief to address Defendant's refusal to include a wage scale or salary range in its job postings, and statutory damages pursuant to RCW 49.58.070 and RCW 49.58.110.

## II.      JURISDICTION AND VENUE

12.      This Court has jurisdiction over this cause of action pursuant to RCW 2.08.010.

FIRST AMENDED CLASS ACTION COMPLAINT FOR
DISCRIMINATION - 3

No. 2:24-cv-00589-JHC

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

13.     Venue is proper in this Court pursuant to RCW 4.12.025 because the acts and omissions alleged took place, in whole or in part, in King County, Washington, and Defendant resides and transacts business in King County, Washington.

14.     Federal jurisdiction is inappropriate under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(4)(A), because: (a) all members of the Class are applicants of a Washington employer, or were applicants of a Washington employer, at all times relevant to their interactions with Defendant; (b) Defendant is a citizen of Washington; (c) Defendant is registered to conduct business, and regularly transacts business, within Washington; (d) the alleged conduct of Defendant occurred within Washington; and (e) the injuries to Plaintiffs and the Class occurred within Washington. Alternatively, federal jurisdiction is inappropriate under the Class Action Fairness Act because: (a) pursuant to 28 U.S.C. § 1332(d)(4)(B), more than two-thirds of the Class members reside in Washington; and (b) pursuant to 28 U.S.C. § 1332(d)(2), the amount in controversy does not exceed the sum or value of $5,000,000, exclusive of interest and costs.

### III.     PARTIES

15.     Plaintiff Lisa Branson resides in King County, Washington and applied to work for Defendant at its store located at 300 Andover Park West, Tukwila, Washington 98188.

16.     Plaintiff Cherie Burke, at all relevant times, was a resident of King County, Washington, and applied to work for Defendant at its store located at 300 Andover Park West, Tukwila, Washington 98188.

17.     Defendant Washington Fine Wine & Spirits, LLC is a Washington limited liability company that regularly transacts business throughout King County, Washington and has multiple stores for the transaction of business throughout King County, Washington, including at 300 Andover Park West, Tukwila, Washington 98188 and 1550 West Armory Way, Seattle, Washington 98119.

18.     Plaintiffs are currently unaware of the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued herein under fictitious names Does 1-20, inclusive, and therefore sue such defendants by such fictitious names. Plaintiffs will

FIRST AMENDED CLASS ACTION COMPLAINT FOR DISCRIMINATION - 4

No. 2:24-cv-00589-JHC

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

seek leave to amend this Complaint to allege the true names and capacities of the fictitiously named defendants when their true names and capacities have been ascertained. Plaintiffs are informed and believe, and thereon allege, each of the fictitiously named defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by Plaintiffs and the Class.

## IV.    STATEMENT OF FACTS

19.    Effective January 1, 2023, all Washington employers with 15 or more employees are required to disclose, in each posting for each job opening, the wage scale or salary range, and a general description of all of the benefits and other compensation being offered to the hired applicant. *See* RCW 49.58.110.

20.    For the purposes of RCW 49.58.110, "posting" means any solicitation intended to recruit job applicants for a specific available position, including recruitment done directly by an employer or indirectly through a third party, and includes any postings done electronically, or with a printed hard copy, that includes qualifications for desired applicants. RCW 49.58.110(1).

21.    Defendant employs more than 15 individuals.

22.    From January 1, 2023 to the present, Plaintiffs and more than 40 Class members applied to job openings with Defendant for positions located in Washington where the postings did not disclose the wage scale or salary range being offered.

23.    On information and belief, despite RCW 49.58.110 becoming effective January 1, 2023, Defendant continues to publish job postings for Washington-based positions that do not include the requisite pay information.

24.    On information and belief, as of the date of this filing, Defendant continues to employ discriminatory hiring practices, despite prior lawsuits alleging that its hiring practices violate RCW 49.58.110.

25.    Defendant's refusal to post a wage scale or salary range in job postings is a violation of Plaintiffs and the Class members' civil rights, as specifically defined by RCW 49.58.110.

FIRST AMENDED CLASS ACTION COMPLAINT FOR
DISCRIMINATION - 5

No. 2:24-cv-00589-JHC

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

26.     On or about March 25, 2024, Plaintiff Lisa Branson applied for a job opening in King County, Washington with Defendant. The posting for the job opening did not disclose the wage scale or salary range being offered. A true and correct copy of Defendant's job posting that Plaintiff Lisa Branson responded to is attached hereto as Exhibit 1.

27.     In or around December 2023, Plaintiff Cherie Burke applied for a job opening in King County, Washington with Defendant. The posting for the job opening did not disclose the wage scale or salary range being offered. A true and correct copy of Defendant's job posting that Plaintiff Cherie Burke responded to is attached hereto as Exhibit 2.

28.     Plaintiffs applied to work for Defendant in good faith with the intent of gaining employment, so long as the wage scale or salary range, which remains unknown, meets their needs.

29.     In working through the application, Plaintiffs expected that at some point they would learn the rate of pay for the open positions.

30.     However, Defendant withheld the rate of pay for the open position in the job posting and throughout the application process, forcing Plaintiffs to complete the entire application without learning the rate of pay.

31.     As a result of Defendant's refusal to disclose the wage scale or salary range in the job posting, Plaintiffs remain unable to evaluate the pay for the position and compare that pay to other available positions in the marketplace, which negatively impacts Plaintiffs' current and lifetime wages.

32.     As a result of Defendant's refusal to disclose the wage scale or salary range in the job posting, Plaintiff's ability to negotiate pay remains adversely affected.

33.     Plaintiffs and the Class lost valuable time applying for jobs with Defendant for which the wage scale or salary range being offered was not disclosed to them. As noted by the Legislature, "[m]any candidates spend hours going through rounds of interviews only to find out they can't live on the offered pay." Engrossed Substitute S.B. 5761 Senate Bill Report, 67th Leg., Reg. Sess. (Wash. 2022).

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

34.     As a result of Plaintiffs' and Class members' inability to evaluate the pay for the position, negotiate that pay, and compare that pay to other available positions in the marketplace, Plaintiffs and the Class members suffered economic and non-economic harm.

35.     Plaintiffs have experienced economic and non-economic harm as a direct result of Defendant's discriminatory hiring practices, its violation of RCW 49.58.110, and its contribution to wage inequality as a result of its refusal to post a wage scale or salary range in the job postings it publishes.

36.     Plaintiffs and the Class are victims of Defendant's discriminatory hiring practices, which are specifically prohibited by RCW 49.58.110.

37.     Defendant engaged in a common course of conduct of failing to disclose the wage scale or salary range in its Washington job postings, including the postings to which Plaintiffs and the Class applied.

38.     As a result of Defendant's systemic violations of RCW 49.58.110, and the EPOA generally, the Class has experienced harm identical to that experienced by Plaintiffs.

39.     Plaintiffs and each Class member seek statutory damages of $5,000, plus their reasonable attorneys' fees and costs.

## V.     CLASS ACTION ALLEGATIONS

40.     <u>Class Definition</u>. Under Civil Rule 23(a) and (b)(3), Plaintiffs bring this case as a class action against Defendant on behalf of the Class defined as follows (the "Class"):

> All individuals who, from January 1, 2023, through the date notice is provided to the Class, applied for a job opening in the State of Washington with Defendant, where the job posting did not disclose a wage scale or salary range.

41.     Excluded from the Class are the Defendant and Defendant's officers, directors, and independent contractors, and any judge to whom this case is assigned, as well as his or her staff and immediate family.

42.     <u>Numerosity</u>. There are potentially hundreds of individuals who applied for jobs with Defendant within the time period relevant to this matter. Joinder of all such individuals is

FIRST AMENDED CLASS ACTION COMPLAINT FOR
DISCRIMINATION - 7

No. 2:24-cv-00589-JHC

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

impracticable. Further, the disposition of all claims of the Class in a single action will provide substantial benefits and efficiency to all parties and to the Court.

43.     <u>Commonality</u>. Because all Class members applied for job openings that did not disclose the wage scale or salary range being offered, this is a straightforward matter of determining whether Defendant's actions violate Washington law, and, if so, assessing damages.

44.     <u>Typicality</u>. Plaintiffs' claims are typical of the claims of the Class. Plaintiffs and the Class members applied for job openings with Defendant that did not disclose the wage scale or salary range being offered.

45.     <u>Adequacy</u>. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have retained competent and capable attorneys with substantial experience in complex class action litigation. Plaintiffs and Plaintiffs' counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiffs nor Plaintiffs' counsel have interests that are contrary to or that conflict with those of the Class.

46.     <u>Predominance</u>. Defendant has engaged in a common course of conduct of failing to disclose the wage scale or salary range being offered in job postings in violation of RCW 49.58.110. The common issues arising from Defendant's unlawful conduct affect Plaintiffs and Class members and predominate over any individual issues. Adjudication of these common issues in a single action has the important and desirable advantage of judicial economy.

47.     <u>Superiority</u>. Plaintiffs and the Class have suffered, and will continue to suffer, harm and damages as a result of Defendant's unlawful and wrongful conduct. Absent a class action, however, most Class members would find the cost of litigating their claims prohibitive, especially when that cost is balanced against each individual's respective potential award. Class treatment is superior to multiple individual lawsuits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for claimants with smaller cases and those with few resources, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action. The Class members

FIRST AMENDED CLASS ACTION COMPLAINT FOR
DISCRIMINATION - 8

No. 2:24-cv-00589-JHC

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

and the job postings to which they applied are readily identifiable through Defendant's own records.

## VI.    CAUSE OF ACTION

### FIRST CAUSE OF ACTION
### VIOLATION OF RCW 49.58.110
### *Claim of Relief for Plaintiffs and the Class*

48.    Plaintiffs incorporate by reference all foregoing factual allegations and reallege them as though fully set forth herein.

49.    As described more fully above, Defendant did not disclose the wage scale or salary range being offered in its job postings seeking workers for its Washington locations.

50.    On or after January 1, 2023, Plaintiffs and the Class applied for job openings with the Defendant where the postings did not disclose the wage scale or salary range being offered.

51.    Defendant's actions and omissions violate RCW 49.58.110.

52.    As a result of Defendant's actions and omissions, Plaintiffs and the Class have been economically and non-economically damaged in amounts to be proven at trial.

## VII.    REQUEST FOR RELIEF

Plaintiffs, individually and on behalf of the members of the Class, request that the Court enter judgment against Defendant as follows:

53.    An order certifying that this action be maintained as a class action and appointing Plaintiffs as Class Representatives and Plaintiffs' counsel as Class Counsel;

54.    Statutory damages of $5,000 to each Plaintiff and Class member pursuant to RCW 49.58.070 and RCW 49.58.110;

55.    Costs and reasonable attorneys' fees pursuant to RCW 49.58.070 and RCW 49.58.110;

56.    Preliminary and permanent injunctive relief prohibiting, restraining, and enjoining Defendant from engaging in the conduct complained of herein, including, but not limited to, an order requiring Defendant to disclose a wage scale or salary range in job postings for jobs located in Washington;

57.     Declaratory relief to the effect that Defendant's failure to disclose in each posting for each Washington job opening the wage scale or salary range violates Washington law;

58.     Pre- and post-judgment interest;

59.     Leave to amend the Class Action Complaint to conform to the evidence; and

60.     Any additional or further relief which the Court deems equitable, appropriate, or just.

DATED: July 12, 2024                     EMERY | REDDY, PLLC


By:     */s/ Timothy W. Emery*
By:     */s/ Patrick B. Reddy*
By:     */s/ Paul Cipriani*
        Timothy W. Emery, WSBA No. 34078
        Patrick B. Reddy, WSBA No. 34092
        Paul Cipriani, WSBA No. 59991
        Emery Reddy, PLLC
        600 Stewart Street, Suite 1100
        Seattle, WA 98101
        Phone: (206) 442-9106
        Fax: (206) 441-9711
        Email: emeryt@emeryreddy.com
        Email: reddyp@emeryreddy.com
        Email: paul@emeryreddy.com
        *Attorneys for Plaintiffs and the Class*

FIRST AMENDED CLASS ACTION COMPLAINT FOR
DISCRIMINATION - 10

No. 2:24-cv-00589-JHC

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

# EXHIBIT 1



# Wine/Spirit Sales Associate

Total Wine & More

★★★☆☆ 1,095 reviews

300 Andover Park West, Tukwila, WA 98188

**Job**    Company

## Profile insights

Here's how the job qualifications align with your profile.

🏅 **Certifications**

⊘ **Certified Sommelier** ⌄

💡 **Skills**

✓ **Retail sales** ⌄

✓ **Customer service** ⌄

**Apply now**









**Wine/Spirit Sales Associate**

Total Wine & More - Tukwila, WA 98188

**Job**   Company

## Location

📍 300 Andover Park West, Tukwila, WA 98188

## Benefits

Pulled from the full job description

- 401(k)
- 401(k) matching
- Dental insurance
- Employee discount
- Flexible schedule
- Health insurance
- Paid time off



**Apply now**

4





**Wine/Spirit Sales Associate**

Total Wine & More - Tukwila, WA 98188

**Job**    Company

You will

- Provide customer service by greeting and establishing a relationship with customers

while informing them of our products and services

- Learn Total Wine & More's full product portfolio to provide customers with

recommendations and connect them to the right product(s)

- Increase retail sales and product metrics to specified goals
- Replenish and maintain inventory

**Apply now**



end caps, and platforms in preparation for product delivery

- Perform cashier functions and adhere to minor policy while completing customer

transactions

- Maintain store safety and cleanliness standards on the sales floor, stock room, lockers,

kitchen, bathroom, etc.

What we're looking for

- 21 years of age or older

depend on

7





**Wine/Spirit Sales Associate**

Total Wine & More - Tukwila, WA 98188

**Job**  Company

greeting customers, building relationships, locating/selecting/selling product, and identifying/resolving customer issues

- Strong interpersonal skills with a positive and engaging attitude
- Value collaboration and acting as a team player
- Wine and spirits experience in a retail sales environment preferred
- WSE, Sommelier, or other industry certification preferred

Job Types: Full-time, Part-time

Benefits:

- 401(k)

**Apply now**



**Wine/Spirit Sales Associate**

Total Wine & More - Tukwila, WA 98188

**Job**      Company

Shift:

- 4 hour shift
- 8 hour shift
- Day shift
- Evening shift
- Morning shift
- Night shift

Weekly day range:

- Monday to Friday
- Weekends as needed

Work Location: In person



10

# EXHIBIT 2

**indeed**    ≡

| **What** Job title, keywords, or com | **Where** renton, wa | **Find Jobs** |

---

 **This job has expired on Indeed**
Reasons could include: the employer is not accepting applications, is not actively hiring, or is reviewing applications

---

# Cashier/Customer Service

Total Wine & More ☑ · 3.1 ★

300 Andover Park West, Tukwila, WA 98188

Temporary, Seasonal

**Total Wine & More**   ⟩
★★★☆☆  1,113 reviews
Read what people are saying about working here.

**Job**   Company
—

## Location

🚗 **Estimated commute**
Over an hour from 18451 West Jonah Court

📍 **Job address**
300 Andover Park West, Tukwila, WA 98188

## Benefits
Pulled from the full job description

- 401(k)
- 401(k) matching
- Commuter assistance
- Dental insurance
- Disability insurance
- Employee discount

- Flexible schedule
- Flexible spending account
- Health insurance
- Health savings account
- Life insurance
- Paid parental leave
- Paid time off
- Parental leave
- Pet insurance
- Tuition reimbursement
- Vision insurance .

**Show fewer** ∧

## Full job description

About the role

As a Retail Team Member, you play an essential role in the customer service experience by providing customers with fast and friendly service. You will build relationships with customers, process transactions, maintain floor merchandise and inventory standards, answer questions, and ensure customers leave feeling positive about their visit. Both part-time and full-time positions may rotate between working as a cashier, a sales specialist or merchandiser/stock associate. You will report to the store management team.

Join us to become an industry expert in a fun and thriving retail company!

You will

- Provide customer service by greeting and establishing a relationship with customers while informing them of our products and services.
- Perform cashier functions and follow minor policy while completing customer transactions
- Participate in wine, spirits, and beer training to learn how you can provide customers with recommendations and connect them to the right products
- Replenish and maintain inventory and store visual presentation, including home spots, end caps, and platforms in preparation for product delivery
- Maintain store safety and cleanliness standards on the sales floor, stock room, lockers, kitchen, bathroom, etc.

What we're looking for

- 21 years of age or older
- Ability to work a flexible schedule as business requires, which may also depend on your preference for part-time or full-time hours

- Experience using technology applicable to the position and access information necessary to complete daily responsibilities
- 1-year retail sales associate, cashier/cash handling, merchandiser, or inventory specialist experience preferred, to include greeting customers, stocking, merchandising, managing inventory, or replenishment
- Strong interpersonal skills with a positive and engaging attitude
- Value collaboration and acting as a team player
- Desire to develop retail service skills and knowledge of product and services
- WSE, Sommelier, or other industry certification preferred

Physical Requirements (with or without accommodations)

- Walk, bend down repeatedly, and be on feet for 8-10 hours a day
- Climb ladders and lift 50 lbs. overhead and repeatedly

We offer

- Paid Time Off (PTO)
- Generous store discounts
- Health care plans (medical, prescription, dental, vision)
- 401(k), HSA, FSA, Pre-tax commuter benefits
- Disability and life insurance coverage
- Paid parental leave
- Pet insurance
- Critical illness and accident insurance
- Discounted home and auto insurance
- College tuition assistance
- Career development, industry knowledge, and wine, spirits, and beer education
- Consumer classes
- & More!

Grow with us!

Total Wine & More is the country's largest independent retailer of fine wine, beer and spirits, and we continue to grow our footprint year over year. Total Wine offers exciting and unique career opportunities across the country and in our corporate office. Our strength is our people. We have a commitment to training and career growth, all in an environment that values new ideas and teamwork. If you share our entrepreneurial spirit and a passion for providing best-in-class customer experience, take a moment to apply or learn more at www.TotalWine.com/About-us/Careers!

Total Wine & More considers several factors when establishing compensation. Estimated salaries determined by third parties have not been validated by Total Wine & More.

Total Wine & More is an equal opportunity employer and all qualified applicants will receive consideration for employment without discrimination based on race, color, religion, national origin, sex, sexual orientation, age, marital status, veteran status, disability, or any other characteristic protected by applicable law. Total Wine & More makes reasonable accommodations during all aspects of the

employment process, including during the interview process. Total Wine & More is a Drug Free Workplace.

The information provided above indicates the general nature and level of work required of the position and is not a comprehensive list of all responsibilities or qualifications. Benefits list is only a highlight of some of the benefits offered to team members; eligibility for certain benefits apply.

Job Type: Seasonal

Benefits:

- 401(k)
- 401(k) matching
- Dental insurance
- Employee discount
- Flexible schedule
- Health insurance
- Paid time off
- Vision insurance

Shift:

- 8 hour shift
- Day shift
- Evening shift
- Night shift

Weekly day range:

- Monday to Friday
- Weekends as needed

Work Location: In person

**Report job**

Customer Service Associate / Cashier jobs in Tukwila, WA

Jobs at Total Wine & More in Tukwila, WA

Customer Service Associate / Cashier salaries in Tukwila, WA

Hiring Lab    Career advice    Browse Jobs    Browse Companies    Salaries    Indeed Events    Work at Indeed

Countries    About    Help Center    ESG at Indeed

© 2024 Indeed    Your Privacy Choices ✓⊠    Accessibility at Indeed    Privacy Center and Ad Choices    Terms