UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LISA BRANSON and CHERIE BURKE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON FINE WINES & SPIRITS, LLC, a Washington limited liability company doing business as TOTAL WINE & More; and DOES 1-20,<br><br>Defendant. | CASE NO. 2:24-cv-00589-JHC<br><br>ORDER CERTIFYING QUESTION TO WASHINGTON STATE SUPREME COURT |

This matter involves the interpretation of a key term—i.e., "job applicant," RCW 49.58.110(4)—in Washington's Equal Pay and Opportunities Act (EPOA), which went into effect just last year. The Court agrees with the parties that it should certify a question to the Supreme Court of the State of Washington regarding the matter. *See* Dkt. ## 42 & 43. The legal issue presented is not settled and its resolution is necessary to the disposition of this case and will have far-reaching effects. Indeed, Defendant has represented that there are "dozens of other class actions filed under EPOA that affect thousands of individuals and businesses subject to Washington law." Dkt. # 41 at 1.

ORDER CERTIFYING QUESTION TO
WASHINGTON STATE SUPREME COURT - 1

Plaintiff brings this class action under the EPOA. Dkt. # 27. That statute provides that an "employer must disclose in each posting for each job opening the wage scale or salary range, and a general description of all of the benefits and other compensation to be offered to the hired applicant." RCW 49.58.110(1). And it provides a private right of action to a "job applicant." RCW 49.58.110(4). But the statute does not define "job applicant." Nor does any case law.

Defendant contends that Plaintiffs were not bona fide job applicants, and that only bona fide applicants may pursue relief under the EPOA. Dkt. # 42 at 3. Plaintiffs disagree with this interpretation. Dkt. # 39 at 7; Dkt # 43 at 2. Defendant moved to bifurcate discovery to have an initial phase that focuses on whether Plaintiffs are bona fide applicants. Dkt. # 32. The Court stayed that motion pending consideration of whether to certify a question to the Washington Supreme Court.

Because the issue of Washington law here is hardly settled, and its resolution is necessary to the disposition of this case and will have far-reaching effects on individuals subject to Washington law, *see Cornhusker Cas. Inc. Co. v. Kachman*, 514 F.3d 982, 988–89 (9th Cir. 2008); *Queen Anne Park Homeowners Ass'n v. State Farm Fire & Cas. Co.*, 763 F.3d 1235, 1235 (9th Cir. 2014), the Court respectfully CERTIFIES the following question to the Washington Supreme Court:

> What must a Plaintiff prove to be deemed a "job applicant" within the meaning of RCW 49.58.110(4)? For example, must they prove that they are a "bona fide" applicant?

*See* RCW 2.60.020; *see Convoyant LLC v. DeepThink, LLC*, 2022 WL 36726 (W.D. Wash. Jan. 3, 2022).

The Court does not intend its framing of this question to restrict the Washington Supreme Court's consideration of any issues. Should the Washington Supreme Court accept certification,

to be sure, it may reformulate the question. *See Affiliated FM Ins. Co. v. LTK Consulting Servs. Inc.*, 556 F.3d 920, 922 (9th Cir. 2009).

The Clerk is thereby DIRECTED to submit to the Washington Supreme Court electronic and certified copies of this order, a copy of the docket in the above-captioned matter, and all materials at docket numbers 1, 17, 31, 32, 33, 34, 36, 39, 40, 41, 42 & 43. The Court certifies that these documents contain all matters in the pending case deemed material for consideration of the question of local law certified for answer. *See* RCW 2.60.010(4)(b). The Court designates Plaintiff as the party to file the first brief in the Washington Supreme Court on the certified question. *See* Wash. R. App. P. 16.16(e)(1). The parties are referred to Washington Rule of Appellate Procedure 16.16 for additional information regarding procedures on review of the certified question.

The Court STAYS this action pending the Washington Supreme Court's decision on the certified question. The parties must file a joint status report no later than fourteen (14) days after the Washington Supreme Court issues a final decision.

Dated this 20th day of August, 2024.

John H. Chun
United States District Judge